ALVAREZ, PETITIONER, *v.* ROSSY, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of San Juan in an Action for Administration.

No. 270.—Decided April 15, 1920.

HEIRS—ADMINISTRATION—CERTIORARI.—The niece of a person who died while his father and natural children were living has no right to ask for the administration of the estate of her uncle who had died intestate, for in that case the collateral relatives of the deceased are not heirs.

The facts are stated in the opinion.

*Mr. Luis Méndez Vaz* for the petitioner.

*Mr. G. Cruzado Silva* for the intervenor.

MR. JUSTICE WOLF delivered the opinion of the court.

Paz Alvarez Suárez is the petitioner and sought the judicial administration of the estate of her uncle, Cándido Suárez, who died intestate. There was a convocation of heirs and interested parties, whereupon the court named

Marcial Suárez as administrator. He was the eldest brother of Cándido Suárez and at the time of the filing of the petition in this case, namely, July, 1919, there was no nearer legitimate relative. However, at the death of said Cándido Suárez on August 10, 1901, he left a father, Juan Suárez y Rodríguez, and some natural children. These persons obtained a declaration of heirship in their favor wherein the said father was declared heir to the extent of three-fourths of the estate and the natural children to the extent of one-fourth. The declaration of heirship was obtained in 1914 at the instance of the mother of the natural children and was duly recorded in the appropriate registry of property. Paz Alvarez Suárez is a daughter of a deceased brother of Cándido Suárez. The said father, Juan Suárez y Rodríguez, died testate on June 2, 1902, naming all his children and two of his grandchildren as his heirs. The petitioner is one of these grandchildren. The will forbade judicial intervention in his estate.

As we have said, on the petition of Paz Alvarez Suárez in the court below her uncle, Marcial Suárez, was named administrator, but he failed to qualify or take any step in the administration of the estate of Cándido Suárez. Thereupon the said Paz Alvarez Suárez presented another petition to the court and in the corresponding proceedings the court declared the position of administrator vacant and on the 8th day of March, 1919, named Evaristo Cámara as administrator, who gave a bond and was on the 13th day of May, 1919, placed in possession of the property. On the following day he was, according to the petitioner, violently ejected from the said property. This alleged violent expulsion was made known to the court in June, 1919. On the 16th day of May, 1919, Marcial Suárez, the said eldest brother of Cándido, who had been duly notified of the previous proceedings and had had an opportunity to object to the second convocation, but who had not consented to the appointment

of the administrator, Evaristo Cámara, presented a petition to the court setting up that with respect to the property in question the said declaration of heirship had been recorded and a partition of the property of Cándido Suárez made. Thereupon the court annulled all the previous proceedings and declared that Paz Alvarez Suárez had no right to ask for the judicial administration of the estate of her uncle. She presented an application for certiorari to this court.

The petitioner is manifestly in error if she is to be understood as maintaining that the brother and sisters of Cándido Suárez should be included among his heirs. As he left a father and some natural children, the brothers and sisters are collateral relatives not entitled to be considered heirs. What is the fact is that these brothers and sisters, and there is a number of them, are all heirs of their father, who in turn was the heir of his son Cándido Suárez.

The petitioner alleged that the property of Cándido Suárez had been seized by two of his brothers without rendering any account therefor. Now this property once was the property of Cándido Suárez, but it became vested in the father and natural children of Cándido Suárez. If these two brothers are in possession, perhaps illegally, of their father's estate and the petitioner believes that she has been prejudiced, she has her remedies, but not being an heir of Cándido Suárez, her adequate remedy is not the administration of the estate of Cándido Suárez.

There can be no estoppel against Marcial Suárez, inasmuch as the interest of the petitioner in the case, if any, is with respect to the property of her grandfather and not to that of her uncle.

The writ must be annulled.

*Writ discharged.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.